## PHILLIPS VS. JARVIS.

The answer to this action (which was upon a promissory note), *held* to be sufficient to admit evidence of payment and discharge.

If the answer did not state that ground of defense with sufficient clearness and precision to admit the evidence, the court should have allowed an amendment setting forth clearly such defense.

ERROR to the Circuit Court for *Dane* County.

The action below was by *Jarvis* against *Phillips*, for $210, on a promissory note dated September 28, 1857, payable to H. Nelson or bearer, at three months from date. There was no allegation that the note was transferred to the plaintiff before due. Answer, " that about the time of the date of the paper called a promissory note in said complaint, one Hiram Nelson (called in said complaint H. Nelson) employed the defendant to collect two notes * * which amounted to about the sum mentioned in the instrument set forth in said complaint, and defendant, at the request of said Nelson, gave said instrument as a receipt, and not as a note for any purpose, and it never.was a note, but was intended to bind said defendant to pay so much as he should collect on said two notes, less his charges and expenses for collecting and transmitting to said Nelson, and no more; that in pursuance of instructions of said Nelson, defendant collected what he could of said notes, and compromised the claims to some extent, and transmitted the whole proceeds excepting reasonable charges and expenses ; that afterwards, and after said instrument set forth in the complaint became due by the terms thereof, the same was held by said Nelson, and he did not part with it, if ever, before it fell due by its terms," &c.

At the trial, plaintiff read the note in evidence, and rested. Defendant offered himself as a witness on his own behalf ; but the court ruled out all evidence under the answer. Defendant then asked leave to amend the answer by inserting before the prayer for judgment an allegation that he " on the 3d of July, 1858, paid to said H. Nelson said sum of $210, with the interest then due thereon, and that the note then belonged to Nelson ;" also an allegation, for a further answer, that ' on &c., he paid and delivered to said Nelson, while the note was still owned by him, one watch and chain of the value of $122, and also $100 in money, which said Nelson then and there accepted in full satisfaction and discharge of the

amount due on said note, and of the damages by reason of the breach of said agreement." Defendant, at the same time, offered to verify the answer as so amended, and to make an affidavit of merits, and submit to such terms as the court should impose. The motion was denied. Verdict and judgment for plaintiff; and defendant took his writ of error.

*Welch & Lamb*, for plaintiff in error.

*E. & C. T. Wakeley*, for defendant in error.

*By the Court*, COLE, J. We think the original answer disclosed with sufficient certainty the defense of payment and discharge, and that proof to sustain this defense should have been admitted. It is conceded that it was not competent by parol evidence to destroy or contradict the written instrument, and show that it never was a note but was intended to be a receipt or something of that kind. This would be violating one of the plainest and best established rules of evidence. But it was certainly admissible to show that the note had been paid and discharged. The substance of the answer is, that the consideration of the note had been converted into money and property, which had been transmitted to the payee to be applied in discharge of the debt. These facts are not stated with the clearness and precision they might have been, but are foreshadowed with sufficient certainty to admit proof of them. In this view, any amendment became unnecessary. But if we are wrong in this, and assume that the original answer was not sufficient to admit the defense, then most clearly the amendment should have been allowed. For although the original answer was very bunglingly drawn, yet it was not so utterly bad as not to sustain the amendment proposed.

The judgment of the circuit court is reversed, and a new trial ordered.